IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DALLAS MCINTOSH, #B85114,** | ) |
| | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 3:21-cv-00862-SMY |
| | ) |
| **JEFFREY MILLER,** | ) |
| **C/O TOMSHACK,** | ) |
| **SGT. MONROE,** | ) |
| **C/O PULLMAN,** | ) |
| **C/O IRWIN,** | ) |
| **C/O CROUSE,** | ) |
| **SGT. KELLER,** | ) |
| **CHERYL BOLLING,** | ) |
| **DANA NEWTON,** | ) |
| **SHANE MERCIER,** | ) |
| **AMY BURLE,** | ) |
| **LT. FRANK,** | ) |
| **SCOTT THOMPSON,** | ) |
| **ROB JEFFREYS,** | ) |
| **LT. MUMBOWER,** | ) |
| **MAJOR LIVELY,** | ) |
| **C/O ROYAL,** | ) |
| **CHARLES HECK, and** | ) |
| **DIANE SKORCH,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Dallas McIntosh, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Pinckneyville Correctional Center. This case is now before the Court for preliminary review of the Second Amended Complaint under 28 U.S.C. § 1915A. Any portion of the Second Amended Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

**Discussion**

Plaintiff's Second Amended Complaint violates Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief" and "simple, concise, and direct" allegations. FED.R.CIV.P. 8(a), (d)(1). Plaintiff's Second Amended Complaint totals 141 pages, contains 461 numbered paragraphs, and purports to assert 28 claims against 19 defendants. It is replete with irrelevant commentary, rank speculation, and circuitous diatribes which do not comport with Rule 8.

Plaintiff's Second Amended Complaint also violates the rules of joinder. FED.R.CIV.P. 18-21. Plaintiff's claims involve different defendants, arise from separate transactions or occurrences, and are based on different legal theories.[1] Federal Rule of Civil Procedure 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. In other words, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. FED.R.CIV.P. 18, 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

In sum, Plaintiff's claims cannot all proceed together in the same lawsuit. He must pursue only related claims against a single group of defendants in this lawsuit, and may file separate lawsuits to bring his other claims. Because Plaintiff is in the best position to decide which claims he intends to pursue in this lawsuit, the Second Amended Complaint will be dismissed without prejudice and with leave to amend. Plaintiff should be mindful to succinctly state his claims.

---

[1] The Court notes that Plaintiff requests two separate jury trials for Counts 1-21 and Counts 22-28, in some recognition of the fact that all of his claims should not be joined in this action.

**Disposition**

The Second Amended Complaint is **DISMISSED without prejudice** and with leave to file a Third Amended Complaint by **June 15, 2022**. The Third Amended Complaint will be subject to review under 28 U.S.C. § 1915A. If Plaintiff fails to file a Third Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** May 16, 2022

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**